UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAE'CEON M. BINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:22CV328-PPS-JEM |
| | ) |
| WHITE OAK COMMERCIAL GROUP, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Acting *pro se* (without an attorney), Jae'ceon Bingham has filed a complaint against her former employer, White Oak Commercial Group, alleging the wrongful termination of her job. [DE 1.] Bingham has also submitted a motion to proceed *in forma pauperis*, that is, without paying the filing fee that is ordinarily required. [DE 2.] Because Bingham is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). *Pro se* filings are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Despite the generous interpretation afforded to *pro se* filings, a threshold issue is always jurisdiction, as to which the complaint must offer an arguable basis. Federal courts are courts of limited jurisdiction, and the court's subject matter jurisdiction over

a civil case generally falls into one of two categories. The first category, known as diversity jurisdiction, applies to cases between parties of different states where the amount in controversy exceeds a prescribed minimum amount. *See* 28 U.S.C. §1332. Bingham gives her address in Gary, Indiana and lists defendant White Oak's as in Indianapolis. No diversity of state citizenship appears to exist.

The second general category of subject matter jurisdiction is based on the existence of an issue of federal law that governs the dispute. *See* 28 U.S.C. §1331. Employment discrimination cases are frequently brought in federal court on this basis. In this instance, however, Bingham appears to allege that her termination was unjust, but not that it was motivated by her membership in a classification protected from discrimination under federal law, such as race, sex, or age. Instead, Bingham alleges that she was fired because supervisors deemed her a trouble maker after she reported an incident in which a supervisor "brought his 7 year old kid to our restricted work site [and] left him unattended in a locked room for hours while he left the site to get McDonald's." [DE 1 at 2.] No matter how unfair or even outrageous that adverse employment action may have been, it is not clear how it implicates any of the federal laws against employment discrimination, which are based on demographic categories.

Because the pleading contains no basis for believing that the court has subject matter jurisdiction over Bingham's claim, the complaint fails to state a claim on which relief could be granted, and is subject to dismissal under §1915(e)(2)(B). I will dismiss the case without prejudice, which will not preclude Bingham from filing a claim in state

court or from re-filing in federal court if she is able to provide a basis for federal jurisdiction. The financial facts Bingham attests to in her motion to proceed *in forma pauperis* support my conclusion that she cannot afford to pay the usual filing fee, and that motion will be granted.

    ACCORDINGLY:

The motion to proceed *in forma pauperis* [DE 2] is **GRANTED**, but the complaint is **DISMISSED** WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is thereby **CLOSED.**

    SO ORDERED.

    ENTERED: November 8, 2022.

                                            /s/   Philip P. Simon
                                          UNITED STATES DISTRICT JUDGE